STATE ex STEMP v FAUST

Ohio Appeals, 7th Dist, Mahoning Co.

Decided March 8, 1929

Mr. W. O. Wallace, Columbiana, for State ex Stemp.

Mr. R. L. Thomas, Youngstown, for Faust.

POLLOCK, J.

The Township Board of Education has failed to file an answer in this case, but it was admitted, as we have stated. We do not find from the petition or the agreed statement of facts that the school board had made any order in regard to the discontinuance of school in the Springfield Central School District, but we must presume that the seats and blackboard and the advertising of this property for sale was done with the knowledge and consent of the school board.

It is also stated in argument that the school board had provided transportation for the children of the Springfield Central School District to the school in New Middletown and was transporting children whose parents were willing that they should attend this school. They further urge in the brief filed that under 7684 GC. the Board had acted.

In other words, by the brief of the township board of education it had assigned the youth of Springfield Central District to the schools of New Middletown. But it is urged upon the part of the plaintiff that even if that had been done, that under **Section 7730 of the Revised Statutes,** upon a petition being presented to the Board it was required to re-establish the schools in Springfield Central School District.

The Supreme Court in the case of **State v. Board of Education, 95 OS., 367,** holds that upon a petition being filed it is mandatory upon the school board to re-establish the school in this district, but in the brief it is urged that since the decision of the Supreme Court in that case the Legislature has passed **7730-1 GC.**

It is urged in the brief that the provision notwithstanding the school must not be disposed of in four years except for these purposes, that for these purposes it can be, and that the provision in the preceding section providing that a petition may be filed and that it is mandatory

must be read with regard to this provision, and if the house and grounds are being disposed of for any of the reasons stated therein, that the township school board is not required to re-establish the schools.

This proposition might be disposed of on the ground that there is not anything in the agreed statement of fact which says that the board of education had removed the property from this building and were disposing of it for this purpose. In fact, the agreed statement of facts says that the Board of Education had done nothing in regard to the disposal of this schoolhouse or suspending of the school, but, granting that it had, we do not think that would be sufficient to authorize the school board to refuse the petition of the residents of this district. There is nothing before the Court indicating that the Board of Education was now engaged in erecting a school building for the benefit of the pupils of Springfield Central School District, or that the building already erected in New Middletown was intended for that purpose, so that we do not think that the mandatory duty on the Board of Education of the township, upon a petition being filed, as it is admitted it was filed in this case, has been changed or altered in any respect, but that the township board was required to re-establish the school in Springfield Central School District upon this petition being filed.

The injunction will be granted preventing the sale of this school building and an order made that they re-establish schools therein.

Motion for new trial, if filed, is overruled, and exceptions noted.

Roberts and Farr, JJ, concur.